UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN SCOTT,

      Plaintiff,

v.                                      CASE No. 8:06-CV-2062-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

The plaintiff, who was forty-eight years old at the time of the most recent administrative hearing and who has a high school education, has worked as a telephone sales representative and a teacher's aide (Tr. 12). In October 2000, she filed her present claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to pain in her back, hands and neck (Tr. 122). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of depression, fibromyalgia, substance abuse, and bilateral carpal tunnel syndrome (Tr. 13). He concluded that these impairments restricted the plaintiff to a significant range of light work (Tr. 21). Based upon the testimony of a vocational expert, the law judge determined that the plaintiff could return to work as a telephone solicitor, and also could perform other work that exists in the national economy (id.). The law judge therefore decided that the plaintiff was not disabled, and the Appeals Council let that decision stand as the final decision of the Commissioner.

The plaintiff then filed a suit in this court, challenging the Commissioner's decision. Subsequently, the Commissioner moved to remand the case in order to consider more recent applications for benefits and to obtain additional vocational testimony (Tr. 336). After that motion was granted, a further hearing was conducted by the same law judge.

In his subsequent decision, the law judge found that the plaintiff has severe impairments of major depressive disorder with post-traumatic stress and fibromyalgia/myofascial pain syndrome (Tr. 313). He also found that the plaintiff "has a history of carpel tunnel syndrome on the right, repaired by surgery, a retinacular cyst and ganglion cyst with left trigger thumb and long finger repaired by surgery, generalized mild arthritis and cannabis abuse" (id.). He determined that these impairments restricted the plaintiff as follows (Tr. 317):

> The claimant is capable of lifting as much as 20 pounds occasionally with her left hand and 10 pounds occasionally with her right dominant hand. She must have the opportunity to alternate sitting or standing as necessary. The claimant can occasionally stoop, squat, kneel, crawl, and climb stairs but not ropes, ladders or scaffolds. She is limited to occasional as opposed to frequent use of the right upper extremity. She is limited to simple,

as opposed to more complex, work of a low stress nature.

The law judge concluded that these restrictions prevented the plaintiff from performing past work (id.). However, based upon the testimony of a vocational expert, the law judge ruled that there were jobs in the national economy that the plaintiff could perform, such as produce inspector, telephone survey worker and panel board equipment tender (id.). The law judge therefore decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on March 31, 2003, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's challenge to the law judge's decision focuses upon her mental impairment. In that respect, the plaintiff contends that the law judge did not give proper weight to the opinions of two treating psychiatrists.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff has been treated psychiatrically, at least to some extent, by Dr. Hafiz Muhammad A. Rahman and Dr. Suman Bhat. Neither doctor prepared anything that resembles a psychiatric evaluation report. With respect to Dr. Rahman, the record contains notes of the plaintiff's five visits over a period of eighteen months (Tr. 182-83, 271-74). As to Dr. Bhat, the record merely contains two forms that list diagnoses (Tr. 363-64). Neither doctor set forth any opinion regarding limitations in the areas of activities of

daily living; social functioning; concentration, persistence or pace; and episodes of decomposition. The law judge specifically noted this deficiency with respect to Dr. Rahman (Tr. 311), and the same is true as to Dr. Bhat.

In light of the lack of any psychiatric opinions concerning the plaintiff's mental functional limitations, the plaintiff seeks to rely upon Global Assessment of Functioning ("GAF") scores stated on four occasions by Drs. Rahman and Bhat. Those scores ranged between 40 and 50 (Tr. 183, 274, 363, 364). A score of 40 is at the top of the range that reflects "[s]ome impairment in reality testing or communications ... OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th ed. text rev.), p. 34. A score between 41 and 50 reflects "[s]erious symptoms ... OR any serious impairment in social, occupational, or school functioning" (<u>id</u>.).

As part of his detailed evaluation of the plaintiff's mental impairment, the law judge expressly considered the GAF scores and discounted them. Thus, the law judge stated (Tr. 314):

> With respect to depression, a consultative psychologist reported, for example, motor activity was normal and speech was normal. The claimant

expressed herself well and was talkative. There was no abnormality in thought content. The claimant was oriented to person, place, time and situation. Her judgment appeared to be appropriate, and her concentration was fair. Her general insight level was fair and she seemed to be able to manage her own finances. I note that the claimant did not return to prescribed psychiatric treatment between June 2001 and September 2002, for example, that she stopped and started medications on her own, and that she continued to use cannabis regularly even up to 2005. Mental status on physical examinations was not significantly abnormal. Also I have noted the previous testimony of Dr. Michael D. Eastridge, a psychologist and impartial medical expert. Dr. Eastridge testified at the first hearing that according to the evidence of record at that time, the claimant did not have mental impairments of Listing severity and that in his opinion she was capable of performing simple, routine work. He did note some inconsistencies in the record, as above, and some of the statements in evidence as to the claimant's daily activities in formulating his opinion. While I have considered and given appropriate weight to the reports of Drs. Rahman and Bhat, treating sources, I find that GAFs given on a particular day are not representative of the claimant's longitudinal status. For example, over the course of seven years of reports there are but a handful of GAFs despite numerous medical examinations. I believe the claimant was reported to be disheveled and even smelly, at least once due to marijuana, on only two or three occasions out of the many times she was seen by physicians. The

>undersigned finds the GAF scores are situational estimates only. The record demonstrates an array of activities belying claimant's reported inability to work in any capacity. While the claimant has severe mental impairments, I find some magnification of symptoms and limitations on her part.

The law judge's discounting of the GAF scores is supported by substantial evidence, primarily the testimony of Dr. Eastridge. Dr. Eastridge explained that the purpose of the GAF score, as pertinent here, is to show that a person is not working, not whether they can work, adding that "it doesn't have anything to do with whether they can or can't [work], it has to do with whether they are or aren't at that moment" (Tr. 45). He explained further that a GAF score is "a momentary rating, it can change from moment to moment and a person who is not working would get a lower GAF score than a person who is working, even if the person not working didn't have a significant mental impairment" (Tr. 48-49). He said that the GAF rating "really doesn't address a person's long range ability to work" (Tr. 49). He stated that he did not think that a rating of 40 to 45 "is that meaningful" (id.). He added, "I wouldn't put much weight on a GAF score. I wouldn't make the evaluation you're asking to make based on that GAF score" (Tr. 51).

Dr. Eastridge's testimony supports the law judge's determination to discount the GAF scores. Since, as indicated, there were no other opinions expressed by the treating psychiatrists, the law judge did not err in his consideration of their opinions.

Finally, it is appropriate to add that, while the focus of the plaintiff's challenge was on the law judge's handling of the opinions of the treating psychiatrists, the plaintiff did make a passing reference to an opinion by Dr. Sarah Poblete, who saw the plaintiff for physical problems. Dr. Poblete marked a form indicating that the plaintiff was unable to work (Tr. 397). The law judge expressly considered, and discounted, this statement. He said: "The statement of permanent disability from Dr. Poblete is given little weight because it is not supported with any specific information from the doctor, it is conclusory and it concerns an issue reserved to the Commissioner" (Tr. 315). This is a valid basis for discounting Dr. Poblete's opinion. Lanier v. Commissioner of Social Security, 2007 WL 3120318 (11th Cir. 2007) (unpub. dec.).

It is, therefore, upon consideration

ORDERED:

Dr. Eastridge's testimony supports the law judge's determination to discount the GAF scores. Since, as indicated, there were no other opinions expressed by the treating psychiatrists, the law judge did not err in his consideration of their opinions.

Finally, it is appropriate to add that, while the focus of the plaintiff's challenge was on the law judge's handling of the opinions of the treating psychiatrists, the plaintiff did make a passing reference to an opinion by Dr. Sarah Poblete, who saw the plaintiff for physical problems. Dr. Poblete marked a form indicating that the plaintiff was unable to work (Tr. 397). The law judge expressly considered, and discounted, this statement. He said: "The statement of permanent disability from Dr. Poblete is given little weight because it is not supported with any specific information from the doctor, it is conclusory and it concerns an issue reserved to the Commissioner" (Tr. 315). This is a valid basis for discounting Dr. Poblete's opinion. Lanier v. Commissioner of Social Security, 2007 WL 3120318 (11th Cir. 2007) (unpub. dec.).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 21st day of February, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE